UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WELLS FARGO BANK, NATIONAL ASSOCIATION, *successor by merger to Wells Fargo Bank Minnesota, National Association, as Trustee f/k/a Norwest Bank Minnesota, National Association, as Trustee for Renaissance HEL Trust 2004-2,*

*Plaintiff,*

– against –

PATIENCE OGOLA, JOHNSON OJO, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, JOHN DOE #2 THROUGH JOHN DOE #12,

*Defendants.*

**MEMORANDUM & ORDER**
24-cv-08667 (NCM) (SDE)

---

**NATASHA C. MERLE**, United States District Judge:

This Court has received a Report and Recommendation dated January 7, 2026, from the Honorable Judge Seth D. Eichenholtz, United States Magistrate Judge. Report and Recommendation ("R&R"), ECF No. 41. Plaintiff objected to the R&R. Objections ("Objs."), ECF No. 43. Defendants, who have not appeared in this action, did not file a response. After review, the Court adopts the R&R with the modifications stated below.

## BACKGROUND

On May 5, 2025, plaintiff Wells Fargo Bank, N.A. sued defendants Patience Ogola, Johnson Ojo, the New York City Environmental Control Board ("ECB"), the New York City

1

Parking Violations Bureau ("PVB"), the New York City Transit Adjudication Bureau ("TAB"), the New York State Department of Taxation and Finance ("DTF"), and John Does #2 through #12, seeking foreclosure on a mortgage on a property located at 13-99 Gipson Street, Far Rockaway, New York 11691 (the "Property"). *See* Am. Compl. ("AC") 1–4, ECF No. 24.[1] The mortgage was executed on March 29, 2004 by Ogola and Ojo and assigned to plaintiff on April 1, 2020. R&R 2. Ogola and Ojo failed to make required payments beginning with the September 1, 2021 payment and remain in default. R&R 3. No defendant has appeared in this action, and on July 23, 2025, plaintiff moved for default judgment. *See* Mot. for Default Judgment ("Motion"), ECF No. 39.

The undersigned referred the motion to Judge Eichenholtz, who on January 7, 2026 issued a Report and Recommendation recommending that the motion be granted as to Ogola and Ojo and denied as to all other defendants, and that the claims against the other defendants be dismissed. R&R 2. Specifically, the R&R recommends that the Court (1) enter a default judgment for damages against Ogola and Ojo for $359,096.04, along with prejudgment interest of $23,801.02; (2) order the foreclosure and sale of the Property, appointing an appropriate referee to monitor the sale and distribute the proceeds; (3) award plaintiff $1,685 in costs; (4) order that the mortgage be reformed to include a new legal description of the Property; (5) deny the motion for default judgment in all other respects, including as to all remaining defendants; (6) dismiss all remaining defendants from this matter without prejudice; and (7) order plaintiff to submit a letter proposing potential referees. R&R 21 & n.4. On January 9, 2026, plaintiff filed objections to the R&R.

---

[1]     Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

*See* Objs. The time for any defendant to file a response to plaintiff's objections has expired without a response being filed. *See* Fed. R. Civ. Proc. 72(b)(2).

## STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, once a magistrate judge has issued a report and recommendation on a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations." *Zaki v. OTG Mgmt. LLC*, No. 23-cv-08189, 2024 WL 5198706, at *2 (E.D.N.Y. Dec. 23, 2024) (quoting *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018)).[2] A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024).

## DISCUSSION

### I.    Government Defendants

Plaintiff's first objection relates to the government defendants. *See* Objs. ¶¶ 4–13. Plaintiff's amended complaint names four New York City or New York State government agencies as defendants: ECB, PVB, TAB, and DTF. AC ¶¶ 5–8. The R&R explains that New York Real Property Actions and Proceedings Law ("RPAPL") "imposes a heightened pleading standard where a city or state agency is named as a defendant." R&R 11. Among

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

other things, RPAPL specifies that a complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making the state [or city] a party defendant." RPAPL § 202(1); *see also* RPAPL § 202-a(1). "If the lien exists by virtue of a judgment, other than a [tax] warrant[,] [the complaint must set forth] the name of the court, date recorded, clerk's office in which filed, and names of the parties against whom and in whose favor recorded. In the case of a [tax] warrant, [the complaint must set forth] the date filed or docketed, [the] clerk's office in which filed or docketed, and [the] names of the parties against whom and in whose favor issued." RPAPL § 202(2); *see also* RPAPL § 202-a(2). "If the lien exists by virtue of a provision of law other than a judgment, [the complaint must set forth] the provision of law under which said lien is created." RPAPL §§ 202(3), 202-a(3).

The Amended Complaint specifies with respect to each of the four government defendants, that the defendant in question "is a necessary party defendant to this action by virtue[] of lien[(s)] docketed in the County Clerk's Office copies of which are attached. To the extent that the judgments are not attached, [the defendant is] named as a party defendant because some docket books are missing from the county clerk's office and they may have an interest in the property being foreclosed." AC ¶ 5; *see also* AC ¶¶ 6–8.

The R&R explains that "[u]pon review of the documents attached to the [c]omplaint, [the undersigned] finds no copies of liens that identify any of the City Agency Defendants parties with an interest in the Property. Thus, [the undersigned] concludes that Wells Fargo has failed to comply with the RPAPL § 202-a as to the City Agency Defendants and respectfully recommends that the motion for default be denied as to the City Agency Defendants and the claim against them dismissed without prejudice." R&R

4

12. The R&R seemingly does not discuss the claims against the New York State DTF, which is not a city agency. *See generally* R&R.

Plaintiff's objections note that plaintiff agrees that the PVB and the TAB are not proper defendants and should be removed from this action. Objs. ¶ 8. However, plaintiff insists that default judgment should be granted against the ECB and the DTF. Objs. ¶¶ 9–13.

With respect to the ECB, plaintiff concedes "that the complaint may not have provided detailed facts showing the particular nature of the interest in or lien upon the real property, and the reason for making the agency a party defendant." Objs. ¶ 9. However, plaintiff has attached as an exhibit to plaintiff's objections a printout of a page from the New York City Office of Trials and Administrative Hearings [("OATH")] website showing summonses and notices issued for unpaid fines with ECB hearings. *See* Objs. Ex. A, ECF No. 43-1.[3] Plaintiff asserts that the ECB was "named as a party defendant based upon actual violations docketed against the defendant and the subject property. . . . Of these, three (3) have been docketed and one is recognized as a default. These violations have resulted in fines, which have become liens, which are due and owing." Objs. ¶ 9. The three docketed fines were issued in 2018, 2019, and 2024, Objs. Ex. A at 3–5, each one after the mortgage was originally issued in 2004, AC ¶ 13.

Though plaintiff did not provide this evidence to the magistrate judge, the Court finds that the submission of evidence from the OATH website reflecting three docketed fines is a sufficient basis to grant default judgment against the ECB. *See Fed. Nat'l Mortg.*

---

[3] The Court has discretion to consider additional evidence submitted along with an objection to an R&R. 28 U.S.C. § 636(b)(1)(C) (specifying that a district court reviewing objections to a magistrate judge's recommendation may "receive further evidence").

*Ass'n v. 1488 Bushwick, LLC*, No. 23-cv-04030, 2025 WL 4229057, at *5–6 (E.D.N.Y. Dec. 3, 2025) (finding plaintiff's submission of a list of violations from the OATH website that were docketed subsequent to the execution of a mortgage sufficient to comply with RPAPL § 202-a and permit default judgment against the ECB). Moreover, although RPAPL § 202-a requires that detailed information concerning the liens be set forth in "the complaint," RPAPL § 202-a, other courts have granted default judgment when a complaint contains mere boilerplate allegations of the existence of a city government lien but the plaintiff later substantiates these allegations with a list of violations submitted in connection with a motion for default judgment. *See Freedom Mortg. Corp. v. Trejo*, No. 22-cv-07116, 2024 WL 3465241, at *10 (E.D.N.Y. July 19, 2024) ("[The complaint] alleges, in boilerplate fashion, that City Defendants are judgment creditors with some interest or lien subordinate to the Mortgage. . . . Buried 152 pages into [p]laintiff's motion [for default judgment], however, is a list of purported parking violations . . . . This list is sufficient to establish PVB's nominal liability."). Accordingly, the Court will grant plaintiff default judgment against the ECB.

With respect to the DTF, plaintiff alleges that the agency "is being named by virtue of a 2024 judgment against Patience Ogola docketed and recorded on December 27, 2024[,] in the sum of $10,851.25." Objs. ¶ 11. Plaintiff attaches a document retrieved from the website of the New York State Unified Court System indicating that the Queens County Clerk's Office possesses a New York State tax warrant against Ogola docketed on December 17, 2024 in the amount of $10,851.25 owed to the DTF. *See* Objs. Ex. B at 2, ECF No. 43-2. Although plaintiff likewise failed to present this evidence to the magistrate judge, the Court nevertheless finds that the submission of this document is sufficient to comply

6

with RPAPL § 202. Accordingly, the Court will grant plaintiff default judgment against the DTF.

## II.    Pre-Judgment Interest

The R&R states that "plaintiff seeks pre-judgment . . . in the amount of $23,801.02" and finds that plaintiff is in fact entitled to "interest amount of $23,840.56." R&R 16–17. The R&R notes that its calculation "is slightly higher than [plaintiff]'s request" and thus recommends that plaintiff "be awarded its requested amount of $23,801.02 in prejudgment interest." R&R 17. Plaintiff objects to this recommendation, noting that it is actually seeking $23,8**10**.02 rather than $23,8**01**.02. Objs. ¶ 15 (citing Affirmation of Indebtedness of Claribel Lopez ("Lopez Aff."), ECF No. 39-4). Because this difference appears to reflect a typographical error in the R&R, and because the amount plaintiff is seeking is still lower than the amount that Judge Eichenholtz calculated that plaintiff is entitled to seek, the Court will accordingly order that plaintiff be awarded its requested amount of $23,810.02 in pre-judgment interest.

## III.    Late Charges

Plaintiff seeks to be awarded $273.39 in late charges associated with the mortgage. *See* Objs. ¶¶ 17–19; *see also* Lopez Aff. ¶ 22. The R&R notes that "the affidavit does not explain how the amount of late fees was calculated, nor does it present evidence that . . . Ogola's and Ojo's default resulted in this amount of late fees. Thus, given the lack of evidence supporting [the late fees], the undersigned does not recommend Wells Fargo be awarded late fees as part of a default judgment." R&R 16. Plaintiff has attached to its Objections business records further supporting Lopez's sworn affidavit that Ogola and Ojo owe $273.39 in late fees, consisting of thirteen unpaid charges of $21.03 each. *See* Objs. Ex. C at 2–3, ECF No. 43-3. Despite plaintiff's failure to present this evidence to the

7

magistrate judge, the Court finds that plaintiff is entitled to $273.39 in late fees. *See E. Sav. Bank, FSB v. Strez*, No. 11-cv-01543, 2013 WL 6834806, at \*4 (E.D.N.Y. Dec. 20, 2013).

### IV.    Costs, Escrow Balances, and Attorney Fees

The R&R recommends that plaintiff be awarded $1,685 in costs, consisting of "a complaint filing fee of $400, a notice of pendency filing fee of $35, service of process of $975, and a title search of $275," which are each listed in a bill of costs attached to the motion for default judgment. R&R 19 (citing Mot. Ex. M ("Bill of Costs"), ECF No. 39-17).[4] Plaintiff asserts that "[t]he Report & Recommendation does not address [p]laintiff's request for additional costs—those being Property Inspections of $555.00, Property Valuation Fee/Broker Price Opinion of $240.00, and Title Search Expenses of $417.50." Objs. ¶ 20. The Court finds that these costs are listed in the Affirmation of Indebtedness, *see* Lopez Aff. ¶ 22, and are not discussed by the R&R, *see generally* R&R. The Court further finds that plaintiff is entitled to the $555.00 in "Property Inspections" costs and the $240.00 in "Property Valuation Fee/Broker Price Opinion" costs in addition to the $1,685 in costs that the R&R already found plaintiff entitled to. *See* Lopez Aff. ¶ 22. However, plaintiff has not established its entitlement to the further $417.50 in "Title Search Expenses" because plaintiff has not provided any explanation of the difference between the $417.50 in title search expenses listed in the Affirmation of Indebtedness, *see* Lopez Aff. ¶ 22, and the $275.00 in title search expenses listed in the Bill of Costs, *see* Bill

---

4    Plaintiff and the R&R at times refer to the sum of $400, $35, $975, and $275 as $1,690 rather than $1,685, *see* R&R 19; Decl. in Support ¶ 18, ECF No. 39-2, but the Court finds that the sum is in fact $1,685.

of Costs 2. Thus, plaintiff is not awarded the additional $417.50 in title search expenses. The Court therefore finds plaintiff entitled to a total of $2,480 in costs.

Plaintiff also asserts that "[t]he Report & Recommendation does not address [p]laintiff's request for the amount of the escrow balance due and owing of $36,552.16, which is comprised of taxes (2021–2024) of $17,945.07 and insurance (2021–2025) of $19,136.00, minus a credit of $528.91." Objs. ¶ 23 (citing Lopez Aff.). Plaintiff further asserts that "[t]he aforementioned sums for taxes and insurance are deemed recoverable under [p]aragraphs 10(b) and 19 of the subject [m]ortgage." Objs. ¶ 24 (citing Mortgage, ECF No. 39-7). The Court finds this to be correct, *see* Lopez Aff. ¶ 22; *see also* Mortgage § 2, and adds an escrow balance of $36,552.16 to the amount that plaintiff is entitled.

Finally, plaintiff "respectfully waives its request for recovery of attorneys' fees" and the Court accordingly does not award them. Objs. ¶ 28.

### V.    Referee Selection

The R&R recommends that the Court order plaintiff to provide more information regarding its request for Scott H. Siller, Esq. to be appointed referee, as well as additional potential referee candidates. R&R 14. Plaintiff has provided the requested additional information and additional candidates in its Objections. Objs. ¶¶ 29–33; *see also* Objs. Ex. D, ECF No. 43-4. Having reviewed the qualifications of Mr. Siller, as well as the other potential candidates, the Court will order that Mr. Siller be appointed referee and be paid a referee fee of $750. *See* R&R 14.

### VI.    Remaining Portions of R&R

The Court has reviewed the remaining portions of the R&R for clear error and finds none. Accordingly, the Court adopts the R&R with the modifications stated above.

## CONCLUSION

For the foregoing reasons, the Court orders: (i) the entry of a default judgment for damages against Ogola and Ojo and in favor of plaintiff for $359,096.04, along with pre-judgment interest of $23,810.02, late charges of $273.39, costs of $2,480.00, escrow payments of $36,552.16, and post-judgment interest to accrue at the statutory rate; (ii) the entry of a default judgment against the ECB and the DTF; (iii) the foreclosure and sale of the Property; (iv) the appointment of Scott H. Siller, Esq., for a fee of $750 to be paid from the proceeds of the sale, to monitor the sale and distribute the proceeds; and (v) that the Mortgage be reformed to include the legal description of the Property provided by plaintiff in Exhibit A of the Complaint insofar as it reflects pre-existing legal descriptions of 13-99 Gipson Street, Far Rockaway, New York 11691. The Court denies the motion for default judgment in all other respects, including as to all remaining defendants and dismisses all remaining defendants from this matter without prejudice. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:     March 25, 2026
           Brooklyn, New York

10